UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
JAFRE D. WAUGH,

                      Petitioner,

          - against -

CLERK OF COURT, Federal Courthouse,
225 Cadman Plaza, Brooklyn, New York
11201,

                      Respondent.

--------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

10 Civ. 4587 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 26 2011
P.M.
TIME A.M.

**COGAN, District Judge.**

Petitioner brings this matter pursuant to 28 U.S.C. § 2241 seeking an Order releasing him back to parole supervision on the grounds that his due process rights were violated when the United States Parole Commission ("Commission") failed to hold a probable cause hearing within five days of his arrest on a parole violator warrant. For the reasons set forth below, the petition is denied and the case is dismissed.

Petitioner was originally convicted in 1998 of one count of attempted possession with intent to distribute cocaine and sentenced by the Superior Court of the District of Columbia to two to nine years' imprisonment followed by parole. After having his parole revoked on several occasions, petitioner was last paroled on October 17, 2006 and was to remain under parole supervision through January 18, 2012.

On February 8, 2010, the United States Probation Department for the Eastern District of New York ("Probation Department") reported to the Commission that on January 21, 2010, petitioner was convicted in Queens County of criminal possession of a weapon in the fourth

degree, and requested that his parole conditions be modified so that he was placed in a residential re-entry center for 90-days. Petitioner initially agreed to this arrangement, but once he arrived at the center he refused to stay and left the facility. The Probation Department then requested that the Commission issue a violator warrant for petitioner on the grounds that petitioner pleaded guilty to criminal possession of a weapon in the fourth degree, and violated the special condition on placement in a residential re-entry center.

On July 27, the Commission issued a warrant charging petitioner with violating one or more conditions of his release. Petitioner was arrested on the warrant on September 14. The Probation Department interviewed him on October 22 and found probable cause existed for the parole violations. On November 23, the Commission issued a probable cause finding and ordered that petitioner remain in custody pending a final parole revocation hearing.

The due process rights afforded a parolee prior to having his parole revoked consist of two parts: (1) a preliminary hearing to determine whether there is probable cause that he violated the conditions of his parole; and (2) a final hearing to determine whether he actually committed the violation and to decide if revocation is warranted. Morrissey v. Brewer, 408 U.S. 471, 485, 487-88, 92 S. Ct. 2593 (1972). Under the Commission's regulations, this preliminary hearing must be held no later than five days from the date a parolee is retaken and held in custody, or of his arrival at a facility where probable cause hearings are conducted. 28 C.F.R. § 2.101(a) (2003). However, this rule only applies to parolees who have not been convicted of a new crime. Id. Where, as here, the parolee was convicted of the offense that formed the basis for the parole violator warrant, the new conviction serves as probable cause. See Heath v. U.S. Parole Comm'n, 788 F.2d 85, 88 (2d Cir. 1986) (noting that when a parolee has been convicted of a crime after release on parole, the conviction constitutes probable cause).

In this case, the Commission was not required to hold a preliminary hearing within five days because petitioner's conviction in Queens County for criminal possession of a weapon constituted probable cause for his parole violation.

Accordingly, the petition is denied and the case dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se*.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
January 24, 2011